*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEIRDRE LEIGH ZUIDERSMA,

Plaintiff-Appellee,

v

JOHN RICHARD ZUIDERSMA,

Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 361194
Grand Traverse Circuit Court
LC No. 2021-015923-DM

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

Defendant, John Richard Zuidersma, appeals by right the judgment of divorce that was entered following a one-day bench trial. More particularly, defendant challenges the trial court's decision to award attorney fees to plaintiff, Deirdre Leigh Zuidersma. We affirm.

## I. BACKGROUND

The parties were married in August 2004. In December 2020, defendant moved out of the marital home, and in January 2021, plaintiff filed a verified complaint for divorce. The parties have three children, all of whom were minors at the time of the divorce proceedings. There were disputed issues regarding custody, parenting time, child support, spousal support, and the division of the marital estate. In February 2021, the trial court issued an order for temporary custody, child support, and parenting time. Under the temporary order, the parties were awarded joint legal custody of the children, plaintiff was granted primary physical custody, defendant was awarded some parenting time, and defendant was required to pay monthly child support in the amount of $1,432, as reflected in a temporary uniform child support order. Subsequently, following a three-day referee hearing, the referee recommended that the earlier order for temporary custody, child support, and parenting time be continued and incorporated into a judgment of divorce. On July 14, 2021, the trial court adopted the recommendation. Defendant never objected to the referee's recommendation.

On January 19, 2022, a one-day bench trial was conducted with respect to the issues of spousal support and the division of the marital property and debts. At the close of proofs, the trial court directed the parties to brief their closing arguments. The court did find at the time that there

-1-

was no reasonable likelihood that the marriage could be preserved. On April 7, 2022, after the parties had presented the trial court with written closing arguments, the court issued a written opinion and order. The trial court declined to award any spousal support because the parties each earned sufficient income to provide for their respective needs; plaintiff earned about $55,000 annually, and defendant earned $65,000 to $75,000 a year depending on available overtime. The court then divided the marital assets and debts. Relevant to this appeal, the trial court also ruled as follows:

> An Order for Temporary Custody, Support and Parenting Time was entered on February 11, 20[2]1, with no objection from Defendant. Yet, despite failing to object, no new change of circumstance or proper cause, Defendant proceeded to insist on a multi-day child custody trial [before the referee]. Moreover, while Defendant denied or diminished certain acts of domestic abuse at the custody trial, letters he wrote the children essentially admitted the acts of rage, anger, and abuse. After the custody trial, Defendant was actually awarded less parenting time than he had originally been offered. Furthermore, Defendant's unfounded property-related arguments resulted in a bench trial that incurred additional attorney fees and costs for both parties. Given the evidence of Defendant's misconduct during the marriage and his unsupported legal claims at both the custody and property trials, the Court finds that Plaintiff is entitled to reimbursement for attorney's fees and costs. The Defendant shall reimburse the Plaintiff $10,000 for attorney's fees and costs.

The $10,000 award of attorney fees was memorialized in the judgment of divorce. Defendant appeals by right.

## II. ANALYSIS

### A. THE PARTIES' ARGUMENTS

In his four-page brief on appeal, defendant cites the standards of review and quotes the language in MCR 3.206(D), which addresses attorney-fee awards in domestic relations actions. Defendant then argues:

> While [defendant] vehemently objects to the trial court's interpretation of the parties' words and actions in its Findings of Fact, no detailed response is required, because no facts cited by the court provide the basis for an award of attorney fees. In order even to ask the court for an award of attorney fees, [plaintiff] would have had to allege that she was "unable to bear the expense of the action" *and* that [defendant] was "able to pay." [Plaintiff] alleged neither requirement and proved neither at trial.

> In the alternative, [plaintiff] would have had to allege that a certain amount of her attorney fees was incurred because [defendant] "refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules." [Plaintiff] alleged neither requirement and proved neither at trial. In other words, there were no grounds for the trial court's award of attorney fees.

This is the entirety of defendant's appellate argument.

Plaintiff argues that the trial court correctly ruled that an award of attorney fees was warranted due to defendant's misconduct or unreasonable conduct that caused plaintiff to incur the awarded fees. Plaintiff contends that aside from MCR 3.206(D), a court in a domestic relations action has authority under the common law to award attorney fees for a party's misconduct. Plaintiff maintains that in this case the trial court properly awarded attorney fees because defendant had engaged in misconduct that caused plaintiff to incur unnecessary attorney fees.

## B. STANDARDS OF REVIEW

"This Court reviews a trial court's award of attorney fees for an abuse of discretion," and "[w]here attorney fees are concerned, an abuse of discretion occurs where the result lies outside the range of reasonable and principled outcomes." *Kostreva v Kostreva*, 337 Mich App 648, 673; 976 NW2d 889 (2021). We review de novo questions of law. *Foster v Foster*, 509 Mich 109, 120; 983 NW2d 373 (2022).

## C. DISCUSSION AND RESOLUTION

Although defendant broadly declares that he vehemently objects to the court's characterization of the parties' words and actions, he declines to engage in any factually-substantive challenge to the court's findings of fact. He does not point to or identify certain findings and then build an argument and set forth an analysis to counter the findings. Instead, defendant poses a purely legal argument, contending that the trial court's reasoning and ruling did not fit within the parameters of MCR 3.206(D).

Under the "American rule," which Michigan follows, *Skaates v Kayser*, 333 Mich App 61, 84; 959 NW2d 33 (2020), "attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract," *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "[A]ttorney fees are not recoverable as of right in divorce actions." *Id.* In the context of domestic relations actions, attorney fees are addressed in MCR 3.206(D), which provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

"In every action brought, either for a divorce or for a separation, the court may require either party to pay . . . any sums necessary to enable the adverse party to carry on or defend the action, during its pendency." MCL 552.13(1). In light of the specific reasoning given by the trial court for awarding plaintiff $10,000 in attorney fees in this case, we agree with defendant that MCR 3.206(D), as well as MCL 552.13(1), did not support the court's ruling.

Nevertheless, the *Reed* panel recognized a common-law exception to the American rule that authorizes an award of attorney fees when a party has been forced to incur fees as a result of the other party's unreasonable conduct during the course of litigation. *Reed*, 265 Mich App at 164-165. "Under the exception to the American rule . . ., the attorney fees awarded must have been incurred because of misconduct." *Id.* at 165. In *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 48-49; 972 NW2d 282 (2021), this Court explained:

> Michigan follows the American rule regarding the imposition of attorney fees and costs, which provides that attorney fees ordinarily are not recoverable unless a statute, court rule, or common-law exception provides to the contrary. An exception to the American rule is the trial court's inherent authority to sanction a litigant or attorney for misconduct by assessing attorney fees. The purpose of imposing sanctions is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose. [Quotation marks and citations omitted.]

In this case, the trial court expressly referenced "[d]efendant's misconduct during the marriage and his unsupported legal claims" when making the decision to award plaintiff attorney fees. Although the court did not specifically state that it was applying the common-law exception that permits a court to assess attorney fees for misconduct or unreasonable conduct, that is exactly what the court did in awarding attorney fees to plaintiff. Defendant does not challenge the validity of the common-law misconduct exception to the American rule. Indeed, he does not even acknowledge the exception's existence. And, as discussed earlier, defendant does not craft or develop an argument actually challenging the court's finding of misconduct or unreasonable conduct. Accordingly, we conclude that the trial court did not err by awarding plaintiff $10,000 in attorney fees.

We affirm. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates

-4-